THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FRANK G. FOX,                    )        Case No. 2:08CV00192 DS

           Plaintiff,        )

       vs.                       )        MEMORANDUM OPINION
                               AND ORDER
HOWARD HAWK, ET AL.,
                      )

           Defendants.      )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985. Named as defendants are Howard Hawk, Ahmad Corbitt, and The Church of Jesus Christ of Latter-Day Saints (the "Church"). In vague and conclusory fashion Plaintiff generally alleges that he is a citizen of Texas and that Defendant Hawk has harassed and threatened him. No allegations are made as to Defendant Corbitt or the Church.

The Court has reviewed Plaintiff's Complaint with the deference due his *pro se* status under the standard set forth in *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In order to prevail in a § 1983 action, a plaintiff must show that he was injured as a result of state action. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Thus, private conduct "no matter how discriminatory or wrongful," may not be redressed by a § 1983 claim. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Although the Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of test to the facts of each case", *Gallagher*, 49 F.3d at 1447, Plaintiff cites no facts whatsoever from which state action possibly could be inferred. Indeed, as to both the individual defendants Plaintiff specifically states that neither one was acting under authority or color of state law when his claims occurred.  Plaintiff makes no allegations at all as to the Church.  Because Plaintiff has failed to allege or cite any evidence that Defendants were acting under any authority or color of state law, he has failed to state a claim under § 1983.

Plaintiff also contends his compliant is brought pursuant to 42 U.S.C. § 1985.[1]  To state a claim under § 1985(3), a plaintiff must show: (1) a conspiracy, motivated by racially-discriminatory animus; (2) to deprive plaintiff of equal protection of the laws; (3) an act in furtherance of the conspiracy: and (4) a deprivation of rights resulting therefrom.  *Tilton v. Richardson*, 6 F. 3d 683, 686 (10th Cir. 1993), cert. denied, 510 U.S. 1093 (1994).  A private conspiracy is protected under 1985(3),if at all, only if "the right aimed at by the conspiracy is one protected against both public and private interference. *Id*.  Plaintiff has set forth no allegations that would support a claim under § 1985.  He has done no more than

_____

[1]Section 1985 has three subparts: (1)Preventing an officer from performing his duties; (2)Obstructing justice; intimidating a party, witness or juror; and (3) Depriving a person of rights or privileges.  The Court presumes Plaintiff's claims is made pursuant to 42 U.S.C. § 1985(3).

reference the statute.  He has not identified the members of the conspiracy or identified any act or facts demonstrating a racial, discriminatory animus on the part of any of the Defendants, or any act in furtherance of a conspiracy.  Absent any allegations that would support a claim under § 1985, Plaintiff has failed to state a claim for relief under that provision.

In his claim that jurisdiction is proper in this Court, Plaintiff also references, without elaboration, that jurisdiction is based on Title VII of the Civil Rights Act of 1964 and a First Amendment claim of Invasion of Privacy.  Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  The Complaint contains insufficient allegations to support a Title VII claim and, thus, fails to state a claim.  As to any claim of constitutional invasion of privacy, the Complaint similarly is devoid of any supporting allegations sufficient to state a claim upon which relief can be granted. Assuming Plaintiff intended to assert such claims, they are both defective for failure to state a claim.

The court *sua sponte* may dismiss a complaint under Fed R. Civ. P. 12(b)(6) for failure to state a claim.  *Hall*, 935 F.2d at 1109-10.  Because Plaintiff is also proceeding *in forma pauperis*, the

court is directed to dismiss such a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  The preferred practice, however, is to allow a plaintiff an opportunity to amend unless doing so would be futile. See e.g. *McKinney v. State of Okl. Dept. of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991).

Accordingly, Plaintiff, if he so desires, has leave of Court to file an amended complaint no later than fifteen (15) days from the date of this order.  Failure to respond and/or inadequate or incorrect information will result in the dismissal of this matter, with prejudice, for failure to state a claim, or as frivolous or malicious.

**IT IS SO ORDERED.**

DATED this 1st day of April, 2008.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4