THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| FRANK G. FOX, | ) | Case No. 2:08CV00192 DS |
|     Plaintiff, | ) | |
|   vs. | ) | MEMORANDUM OPINION AND ORDER |
| HOWARD HAWK, ET AL., | ) | |
|     Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985. Named as defendants are Howard Hawk, Ahmad Corbitt, and The Church of Jesus Christ of Latter-Day Saints (the "Church"). In vague and conclusory fashion Plaintiff generally alleges that he is a citizen of Texas and that Defendant Hawk has harassed and threatened him and his parents. The only allegation made as to Defendant Corbitt is that he has ignored Plaintiff's complaints. No allegations are made as to the Church.

In a Memorandum Decision dated April 1, 2008, Plaintiff's claims were analyzed by the Court and he was informed why, in the Court's view, he had failed to state claims upon which relief could be granted and, therefore, his Complaint was subject to dismissal. Plaintiff was given leave to file an amended complaint and cautioned that inadequate pleading would result in dismissal of this case with prejudice.

On April 11, 2008, Plaintiff filed an Amended Civil Rights Complaint pursuant to 42 U.S.C. §§ 1983 and 1985.  Upon review, the Court finds Plaintiff continues to make vague and conclusory allegations that fail to state any claim for which relief can be granted.

As the Court previously advised Plaintiff, private conduct may not be redressed by a § 1983 claim.  *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  As to both the individual defendants Plaintiff specifically states that neither one was acting under authority or color of state law when his alleged claims occurred.  He makes no allegations at all as to the Church.  Because Plaintiff has failed to allege or cite any evidence that Defendants were acting under any authority or color of state law, he has failed to state a claim under § 1983, and his claim must be dismissed.

Plaintiff also contends that his Amended Complaint is brought pursuant to 42 U.S.C. § 1985.  Ignoring the Court's earlier admonition, he has not identified the members of the conspiracy or identified any act or facts demonstrating a racial, discriminatory animus on the part of any of the Defendants.  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994).  Because Plaintiff has failed to set forth any allegations that would support a claim under § 1985, he has failed to state a claim for relief and his claim

under that provision must be dismissed.[1]

      Accordingly, for the reasons stated it is ordered that Plaintiff's Amended Complaint is dismissed with prejudice.

DATED this 8th day of May, 2008.

                              BY THE COURT:

                              *[signature]*

                              DAVID SAM
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

---

[1] It is not clear to the Court whether Plaintiff also is asserting a claim under Title VII of the Civil Rights Act of 1964. In any event and notwithstanding the Court's earlier direction, the Amended Complaint does not contain sufficient allegations to support a Title VII claim, and to the extent such a claim is asserted it must be dismissed.